MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Jessica Kirchner

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESSICA KIRCHNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TELUS INTERNATIONAL (U.S.) CORP., a Washington corporation; TELUS INTERNATIONAL DIGITAL SOLUTIONS, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(2) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br><br>**(3) RETALIATION (N.R.S. § 613.340);**<br><br>**(4) RETALIATION (42 U.S.C. § 12203 *et seq.*);**<br><br>**(5) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330); and**<br><br>**(6) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A)).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jessica Kirchner ("Plaintiff" or "Ms. Kirchner") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 et seq. and 42 U.S.C. § 12203 et seq.

2. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

**NATURE OF THE ACTION**

4. Ms. Kirchner began working for Defendants as a Customer Service Representative in December 2025. She suffers from a cardiac condition that causes syncope episodes and strokes, for which she relies on a service dog and a medical monitoring watch. Defendants accommodated her service dog during training, then reversed course once she reached the production floor. Despite repeated physician documentation, Defendants rejected her accommodations, placed her on unpaid leave, and conditioned her return on working without her service dog. On or about March 13, 2026, Defendants terminated Ms. Kirchner's employment on a false and pretextual basis. In reality, Defendants wrongfully terminated Ms. Kirchner in discrimination based on her disability and in retaliation for her protected activity, including her requests for reasonable accommodation.

**PARTIES**

5. Plaintiff is, and was at all relevant times herein, a resident of Clark County, Nevada.

6. Defendant TELUS International (U.S.) Corp. ("TELUS U.S.") is a Washington corporation that conducts business in Clark County, Nevada.

7. Defendant TELUS International Digital Solutions, LLC ("TELUS Digital Solutions") is a Delaware limited liability company that conducts business in Clark County, Nevada.

8. Defendants TELUS U.S. and TELUS Digital Solutions are collectively referred to

herein as "Defendants."

## FACTUAL ALLEGATIONS

9. On or about December 29, 2025, Ms. Kirchner began working for Defendants as a Customer Service Representative at their call center in Las Vegas, Nevada.

10. Ms. Kirchner suffers from a cardiac condition that causes syncope episodes and cryptogenic strokes, the most recent of which occurred in or around September 2025. She relies on a trained cardiac alert service dog and a medical monitoring watch to detect and manage episodes.

11. On or about December 29, 2025, Ms. Kirchner submitted a written request for reasonable accommodation, supported by documentation from her physician, to work with her service dog and medical monitoring watch and to take prescribed 20-minute breaks. During her training period, Defendants permitted Ms. Kirchner to work with her service dog, designated a service area for the dog, and posted service-animal information for staff, an accommodation Ms. Kirchner accepted and continued to require.

12. In or around January 2026, after Ms. Kirchner moved to the production floor, Defendants reversed course. Defendants rejected her physician's documentation, demanded a letter from the dog's trainer, refused to permit her medical monitoring watch, and reduced her prescribed 20-minute breaks to 15 minutes. Management and Human Resources personnel told Ms. Kirchner that her service dog was "illegal."

13. In or around January 2026, Ms. Kirchner submitted updated documentation from her physician specifying the medical purposes of her service dog and medical monitoring watch. Defendants did not engage in any interactive process to identify alternatives and continued to refuse the requested accommodations.

14. In or around late January 2026, after Ms. Kirchner experienced a medical episode at work, Defendants removed her from the production floor mid-shift and placed her on continuous unpaid leave that she had not requested. While Ms. Kirchner remained on that leave, her physician provided Defendants a second, more detailed accommodation form. Defendants nonetheless conditioned her return to work on a fitness-for-duty certification clearing her to work without her service dog.

15. On or about March 13, 2026, rather than accommodate Ms. Kirchner's ongoing disability, Defendants terminated Ms. Kirchner's employment on a false and pretextual basis.

16. In reality, Defendants wrongfully terminated Ms. Kirchner in discrimination based on her disability and in retaliation for her protected activity, including her requests for reasonable accommodation.

17. On November 24, 2026, Plaintiff timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On November 24, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right-to-sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right-to-sue notice.

18. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Kirchner is a qualified individual with a disability within the meaning of the Americans with Disabilities Act and Nevada Revised Statutes, suffering from a cardiac condition that causes syncope episodes and cryptogenic strokes, a condition that substantially limits one or more major life activities, including cardiovascular and neurological function and working. Ms. Kirchner engaged in protected activity by requesting reasonable accommodation for her disability, including the use of her service dog, her medical monitoring watch, and prescribed breaks, and by submitting physician documentation in support of those requests.

19. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statutes ("N.R.S.") §§ 42.001, 42.007.)

20. *Reckless Indifference and Conscious Disregard:* Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC willfully and deliberately caused the wrongful conduct, both through their actions and inactions.

21. *Malice:* The conduct of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC was committed with malice, including that (a) Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC acted with

intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her good-faith complaints, and/or (b) the conduct of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22. *Oppression:* In addition, and/or alternatively, the conduct of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC was committed with oppression, including that the actions of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23. *Fraud:* In addition, and/or alternatively, the conduct of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, as alleged, was fraudulent, including that Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and depriving her of legal rights or otherwise injuring Plaintiff.

24. Further, Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC are liable for the wrongful acts of their employees, including their supervisory personnel, because Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. § 42.007.)

/ / /

/ / /

## FIRST CLAIM FOR RELIEF

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Jessica Kirchner against Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC)**

25. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26. Plaintiff was employed by Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, employers as defined by N.R.S. § 613.310. Employers are prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 et seq. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

27. The acts and omissions of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

28. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect, and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

29. Plaintiff charges that Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC discriminated against Plaintiff based on her protected status or statuses.

30. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental, and emotional injury, pain, and distress.

31. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

32. The acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, and to make an example of and deter Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Jessica Kirchner against Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC)**

33. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

34. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

35. Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus were prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

36. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

37. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

38. Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against

Plaintiff.

39. The discriminatory acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC constitute a violation of the Americans with Disabilities Act ("ADA"), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

40. The discriminatory acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

41. The acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, and to make an example of and deter Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC from engaging in such conduct in the future.

42. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## **<u>THIRD CLAIM FOR RELIEF</u>**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Jessica Kirchner against Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC)**

43. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

44. Plaintiff was employed by Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC.

45. Plaintiff engaged in protected activity.

46. Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC were aware of Plaintiff's protected activity.

47. After engaging in protected activity, Plaintiff suffered an adverse employment action.

48. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

49. The conduct of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

50. The acts alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, and to make an example of and deter Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC from engaging in such conduct in the future.

51. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq*.**

**(Plaintiff Jessica Kirchner against Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC)**

52. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

53. Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect, and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

54. Plaintiff was an "employee" of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, as defined by 42 U.S.C. § 12111(4).

55. Employers, such as Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 et seq. as well as against any person for requesting an accommodation as provided under the same statute.

56. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

57. As a result of Plaintiff's requests for accommodation Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

58. The conduct of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

59. The conduct of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits, in an amount

according to proof at trial.

60. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Jessica Kirchner against Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC)**

61. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

62. Plaintiff was employed by Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, employers as defined by N.R.S. § 613.310.

63. Employers are prohibited from discriminating against any employee with respect to the employee's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

64. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

65. Plaintiff requested reasonable accommodation for her disability.

66. Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC failed to provide reasonable accommodation for Plaintiff's disability.

67. The failure of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

68. The acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at

trial.

69. The acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, and to make an example of and deter Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC from engaging in such conduct in the future.

70. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SIXTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Jessica Kirchner against Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC)**

71. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

72. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

73. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

74. Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus were required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

75. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

76. Plaintiff requested reasonable accommodation for her disability.

77. Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC failed to provide reasonable accommodation for Plaintiff's disability.

78. The failure of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

79. The acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

80. The acts of Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, and to make an example of and deter Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC from engaging in such conduct in the future.

81. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiff would have received but for Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC's wrongful conduct;

2. For emotional distress damages;

3. For punitive and exemplary damages in an amount sufficient to punish Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC, and to make an example of and deter Defendants TELUS International (U.S.) Corp. and TELUS International Digital Solutions, LLC from engaging in such conduct in the future;

4. For an award of reasonable attorneys' fees and costs incurred in this action;

5. For pre-judgment and post-judgment interest, as provided by law; and

6. For other and further relief as the Court may deem just and proper.

DATED: November 24, 2026 GREENBERG GROSS LLP

By: */s/ Matthew T. Hale*
Matthew T. Hale
Michael A. Burnette

Attorneys for Plaintiff
Jessica Kirchner

**DEMAND FOR JURY TRIAL**

Plaintiff Jessica Kirchner hereby demands a jury trial.

DATED: November 24, 2026

GREENBERG GROSS LLP

By: */s/ Matthew T. Hale*
Matthew T. Hale
Michael A. Burnette

Attorneys for Plaintiff
Jessica Kirchner